UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

DAVID STONE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

22 CR. 510 (MKV)

WHEREAS, on or about September 28, 2022, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property (ECF Doc. 20), which ordered the forfeiture to the United States of all right, title and interest of DAVID STONE (the "Defendant") in the following property:

    a. 100 shares of stock of Snowflake (SNOW) held in Charles Schwab account 8790-3069;

    b. 0.369 shares of stock of Coupa Software (COUP) held in Fidelity account X85-822018; and

    c. 100 shares of stock of the Toro Company (TTC) held in TD Ameritrade account 427-406617

(a. through c. collectively, the "Specific Property");

WHEREAS, the Consent Preliminary Order of Forfeiture directed the United States to publish, for at least thirty consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to

Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on November 2, 2022, for thirty consecutive days, through December 01, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on February 14, 2023 (ECF Doc. 35);

WHEREAS, thirty days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
      February_____, 2023

                                          SO ORDERED:

                                          _____
                                          HONORABLE MARY KAY VYSKOCIL
                                          UNITED STATES DISTRICT JUDGE