David Stone
Pro Se Defendant
4406 Airport Rd
Nampa, ID 83687
(208) 899-6665
david@nnucomputerwhiz.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:22-cr-00510-MKV |
| Plaintiff, ) | |
| ) | UNOPPOSED MOTION FOR EARLY |
| v. ) | TERMINATION OF SUPERVISED RELEASE |
| ) | |
| DAVID STONE, ) | Judge: Hon. Mary Kay Vyskocil |
| ) | |
| Defendant. ) | |
| _____ ) | |

I. INTRODUCTION

Defendant, DAVID STONE, appearing pro se, respectfully moves this Honorable Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mr. Stone commenced his three-year term of supervised release on October 9, 2024, following his release from the Bureau of Prisons. He has now served approximately seventeen months of supervised release and has demonstrated exemplary conduct throughout this period.

Mr. Stone has been in full compliance with all conditions of supervision, has paid all restitution and fines in their entirety, maintains stable employment and family life, and presents no risk to public safety. Neither his probation officer, nor the government opposes this petition for early termination.

II. PROCEDURAL HISTORY

On September 23, 2022, Mr. Stone pleaded guilty before this Court to one count of Securities Fraud in violation of 15 U.S.C. § 78j(b), 15 U.S.C. § 78ff, and 17 CFR § 240.10b-5.

On February 14, 2023, this Court sentenced Mr. Stone to 28 months' imprisonment followed by three years of supervised release. The Court also imposed restitution in the amount of $344,000.00, a fine of $20,000.00, and a special assessment of $100.00.

Mr. Stone surrendered to the Bureau of Prisons on May 15, 2023, and was released on October 9, 2024. He has been under supervised release since that date and is currently supervised in the District of Idaho, where he resides.

III. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes this Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.

In determining whether to grant early termination, section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The Judicial Conference has established specific criteria for assessing whether a defendant should be recommended for early termination:

Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (e.g., residence, family, employment);
2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. no recent evidence of alcohol or drug abuse;
7. no recent psychiatric episodes;
8. no identifiable risk to the safety of any identifiable victim; and
9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added)

According to this policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Additionally, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging early termination of supervised release in appropriate cases as an effort to reduce expenditures while maintaining public safety. The memorandum notes that terminating appropriate cases before their full term "saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Analysis by the Administrative Office of the Courts indicates that defendants who received early termination "were arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often."

## IV. MR. STONE SATISFIES ALL CRITERIA FOR EARLY TERMINATION

### A. Time Served and Statutory Eligibility

Mr. Stone has served approximately 17 months of his three-year supervised release term, satisfying the statutory requirement of one year under 18 U.S.C. § 3583(e)(1). He is therefore statutorily eligible for early termination.

### B. Perfect Compliance with All Conditions of Supervision

Since his release from imprisonment, Mr. Stone has been in full compliance with all standard and special conditions of supervised release. Specifically:

1. He has reported to the probation office as directed and has been truthful in all communications with his probation officer;
2. He has maintained approved residence and employment, providing advance notice of any changes;
3. He has complied with all financial disclosure requirements;
4. He has had no arrests or criminal charges;
5. He has had zero violations of any kind—no technical violations, no new criminal conduct, and no substance abuse issues.

### C. Payment of Financial Obligations

Most significantly, Mr. Stone has paid court-imposed financial obligations in full:

- Restitution: $344,000.00 – PAID IN FULL
- Fine: $20,000.00 – PAID IN FULL
- Special Assessment: $100.00 – PAID IN FULL

The complete satisfaction of restitution demonstrates Mr. Stone's genuine remorse and his commitment to making his victims whole. This achievement is particularly noteworthy given the substantial amount involved and reflects his financial responsibility and dedication to fulfilling all obligations imposed by this Court.

D. Stable Community Reintegration

Mr. Stone has achieved stable community reintegration across all relevant dimensions:

Employment: Mr. Stone has maintained full-time employment continuously since his release from the Bureau of Prisons. His employer can attest to his reliability, work ethic, and value to the organization.

Family: Mr. Stone resides with his family and maintains strong family relationships. His family has been supportive throughout this process and continues to provide a stable foundation for his successful reintegration.

E. Return to residence prior to arrest

Additionally, early termination would allow Mr. Stone to resume his life in Romania, where he was residing prior to this matter. He maintains ministry and employment ties in Romania and wishes to continue his successful reintegration in the location. Mr. Stone would provide the Court and Probation Office with his address in Romania and remain available for any necessary contact.

V. CONCLUSION

Mr. Stone has successfully demonstrated his rehabilitation through his actions. He has complied perfectly with all conditions of supervision, paid all financial obligations in full, maintained stable employment and family life, and presents no risk to public safety. He satisfies every criterion established by the Judicial Conference for early termination, and his case exemplifies the type of appropriate case identified in the Judicial Conference memorandum for which early termination serves both the interest of justice and judicial efficiency.

Given Mr. Stone's exemplary conduct, satisfaction of financial obligations, stable community reintegration, and the absence of any risk factors, Mr. Stone respectfully requests that the Court grant this motion and terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

Dated: March 11, 2026

David Stone
Pro Se Defendant
4406 Airport Rd
Nampa, ID 83687
Tel: (208) 899-6665
Email: david@nnucomputerwhiz.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:22-cr-00510-MKV |
| Plaintiff, | ) |
| | ) UNOPPOSED MOTION FOR EARLY |
| v. | ) TERMINATION OF SUPERVISED RELEASE |
| | ) |
| DAVID STONE, | ) Judge: Hon. Mary Kay Vyskocil |
| | ) |
| Defendant. | ) |
| | ) |

[proposed] ORDER

Upon consideration of Defendant David Stone's Unopposed Motion for Early Termination of Supervised Release, and for good cause shown,

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 3583(e)(1), the Court GRANTS the motion and TERMINATES the term of supervised release in this case.

The Defendant is discharged from supervised release effective immediately.

SO ORDERED.

Dated: _____, 2026        _____

HON. MARY KAY VYSKOCIL
United States District Judge